UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn on May 5, 2015

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. _____ |
| | ) | |
| v. | ) | |
| | ) | 18 U.S.C. §§ 1956(a)(1)(B)(i), |
| | ) | 1956(h) |
| JESUS ENRIQUE JAIMES ROJAS, | ) | (Conspiracy to Launder |
| also known as "Oscar El Ojon," | ) | Monetary Instruments) |
| and "El Oso" | ) | |
| | ) | 18 U.S.C. §§ 1956(a)(2)(B)(i), |
| | ) | 1956(h) |
| | ) | (Conspiracy to Launder |
| Defendant. | ) | Monetary Instruments |
| | ) | Internationally) |
| | ) | |
| | ) | 18 U.S.C. § 982 |
| | ) | 21 U.S.C. § 853 |
| | ) | (Criminal Forfeiture) |

## INDICTMENT

**THE GRAND JURY CHARGES THAT:**

### COUNT ONE

Beginning in or around December 2013 and continuing through November 2015, both dates being approximate and inclusive, within the District of Columbia, Colombia and elsewhere, the defendant JESUS ENRIQUE JAIMES ROJAS, also known as "Oscar El Ojon" and "El Oso," did knowingly, intentionally and willfully conspire and agree with others, known and unknown to the Grand Jury, to conduct financial transactions in and affecting interstate and foreign commerce, which transactions in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1), 846, 952, 959 and 963, knowing that the property involved in the financial

transactions represented the proceeds of some form of unlawful activity and knowing that the financial transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Sections 1956(a)(1)(B)(i); all in violation of Title 18, United States Code, Section 1956(h).

>(Conspiracy to Launder Monetary Instruments – Title 18, United States Code, Sections 1956(a)(1)(B)(i), and 1956(h))

## COUNT TWO

Beginning in or around December 2013 and continuing through November 2015, both dates being approximate and inclusive, within the District of Columbia, Colombia and elsewhere, the defendant JESUS ENRIQUE JAIMES ROJAS, also known as "Oscar El Ojon" and "El Oso," did knowingly, intentionally and willfully conspire and agree with others, known and unknown to the Grand Jury, to transport, transmit and transfer, and attempt to transport, transmit and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States knowing that the monetary instrument and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1), 846, 952, 959 and 963; contrary to Title 18, United States Code, Sections 1956(a)(2)(B)(i); all in violation of Title 18, United States Code, Section 1956(h).

(Conspiracy to Launder Monetary Instruments Internationally – Title 18, United States Code, Sections 1956(a)(2)(B)(i), and 1956(h))

### CRIMINAL FORFEITURE ALLEGATION

The United States hereby gives notice to the defendant that, upon the conviction of the offense charged in this Indictment, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), of all property involved in the each offense of conviction and all property traceable to such property.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

      (Criminal Forfeiture – Title 18, United States Code, Section 982 and Title 21, United States Code, Section 853)

A True Bill.

_____
Foreperson

_____
Arthur G. Wyatt
Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530

By:

_____
Stephen Sola
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530